UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION, SANTA ANA

| | |
|---|---|
| MANUEL QUEVEDO and ROBERT VILLESCAS, <br><br> Plaintiffs, <br><br> v. <br><br> NEW ALBERTSONS, INC., a Corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. SACV13-01160 JLS (JPRx) <br><br> **PROTECTIVE ORDER** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

After consideration of the written stipulation of counsel, the Court hereby makes the following order:

1. That the information contained in the documents or items produced or to be produced by the parties in this action in response to discovery may contain information which relates to non-parties to this litigation, including personal and/or

confidential information, as well as confidential, proprietary and/or trade secret information of Defendant or third parties, and that this Protective Order is intended to protect such information.

2. All documents and/or information described above in Paragraph 1, including information derived therefrom (hereinafter "Confidential Information") produced by any party or third party pursuant to any discovery request, subpoena or other provision of the *Federal Rules of Civil Procedure* in the above-captioned litigation, will be covered by this Protective Order.

3. All confidential materials produced shall be marked "CONFIDENTIAL." Only those pages of a document containing Confidential Information may be marked "CONFIDENTIAL." The stamping of the legend "CONFIDENTIAL" is for identification purposes only, and in the event that a document produced is inadvertently not stamped with the legend "CONFIDENTIAL," such document is still subject to the provisions of this Protective Order if it is later identified by any party as "CONFIDENTIAL."

4. Challenging Designation of Confidential Materials. At any time after receipt of documents labeled as Confidential Information, the Receiving Parties may provide the disclosing Parties with a written objection to the classification of specific documents as prohibited from disclosure under this Protective Order and the basis for the Receiving Parties' objection. Upon receipt of such a written objection, the disclosing Parties shall provide a written response to the Receiving Parties within five (5) business days. If the Disclosing Parties do not agree with the position of the Receiving Parties, the Receiving Parties shall have the option of proceeding with a discovery motion contesting the confidential nature of the disputed documents. The parties shall comply with the meet and confer

requirements of the *Federal Rules of Civil Procedure* prior to the filing of any such motion, and shall strictly comply with *Local Rule 37*, including the joint stipulation provisions.

5. All Confidential Information provided in accordance with this Order may be used for all proceedings in this matter only, including law and motion, trial and/or appeal. However, without limiting the above use, the dissemination of all such Confidential Information will be limited to the same individuals entitled to use/review such Confidential Information as stated herein. The Court will retain jurisdiction to determine whether any Confidential Information may be used before the Court or in the Court.

6. Testimony taken at any deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made by the taking party with the Court Reporter transcribing such proceedings to separately bind such portions of the transcript containing information designated as confidential, and to label such portions accordingly. Any request to use Confidential Information at trial or in other pretrial proceedings must be taken up with the District Judge at the appropriate time. Any motion to seal documents containing Confidential Information must be filed in compliance with *Local Rule 79.5*.

7. All Confidential Information produced in accordance with the Order shall not be used, other than in the instant case, in any deposition, legal proceeding, for media use/dissemination, or in any other forum, nor shall the Confidential Information be disseminated in any form, except by court order, or other until such time as the "Confidential" designation is removed by agreement of counsel for the parties or by further order of this Court.

8. Confidential Information shall be viewed only by: (1) the Court and its staff; (2) counsel of record for the receiving party, including associates, clerks, and secretarial staff for such parties, (3) the parties to the action including designated representatives of Defendant, (4) witnesses other than the parties may review any statement made by that witness, reports containing, referencing or repeating that witness' statements, or referencing that witness, and evidentiary and other items referenced in their statements or reports of their statements, so long as that witness has agreed in writing in advance of any disclosure of Confidential Information to be bound by this Protective Order, (5) independent experts and consultants retained by Parties, and (6) any associates, assistants, and secretarial personnel of such experts, consultants and other persons designated by agreement of counsel for the parties, and so long as they have agreed in writing in advance of any disclosure of Confidential Information to be bound by this Protective Order. In the event an individual does not consent to be bound by this Protective Order, no disclosure of Confidential Information will be made to such individual. The Court and its staff may review all matters, which pertain to the discussion of the Confidential Information, including law and motion matters, consistent with this confidentiality agreement in respect to the Confidential Information.

9. Confidential Information produced in connection with this order shall not be disclosed, disseminated, or in any manner provided to the media or any member of the public, unless the Court has ruled that the Confidential Information may be divulged to the media and the public.

10. Those individuals authorized to review the Confidential Information in connection with this litigation are expressly prohibited from duplicating, copying or otherwise distributing, disseminating, or orally disclosing any of the

disclosed Confidential Information for any purpose to any person or entity not permitted access herein.

  11. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of Confidential Information.

  12. In the event that the terms of this Protective Order are violated, the parties agree that the aggrieved party may immediately apply to this Court to obtain injunctive relief and sanctions against any person violating any of the terms of this Protective Order.  This Court shall retain jurisdiction over the parties for the purpose of enforcing this Protective Order, and the Court shall have the power to modify this Protective Order at any time and to impose whatever penalties it deems appropriate for the violation of this Protective Order.  Any request for monetary sanctions must be made by a properly noticed motion before the Magistrate Judge.

  13. This Protective Order, and the obligations of all persons thereunder, including those relating to the disclosure and use of Confidential Information, shall survive the final termination of this case, whether such termination is by settlement, judgment, dismissal, appeal or otherwise, until further order of the Court.

  14. The Parties will preserve all such Confidential Information and copies thereof, and will destroy them or return them to the producing party when this litigation is concluded.

///
///
///
///

**IT IS SO ORDERED.**

Dated: April 17, 2014

_____
JEAN P. ROSENBLUTH
Magistrate Judge

---

PROTECTIVE ORDER
6