Case No. SACV 13-1160-JLS (JPRx)                      Date: May 27, 2015
Title: Manuel Quevedo et al. v. New Albertsons, Inc et al.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                        N/A
  Deputy Clerk                                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

       Not Present                                  Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES (Doc. 110)**

      Before the Court is a Motion for Attorneys' Fees filed by Plaintiff Robert Villescas. (Mot., Doc. 110.) Defendant New Albertsons, Inc. opposed, and Villescas replied. (Opp., Doc. 113; Reply, Doc. 118.) Having read and considered the papers and taken the matter under submission, the Court GRANTS the Motion and awards attorneys' fees in the amount of $358,676.40.

**I.     BACKGROUND**

      Plaintiffs Manuel Quevedo and Robert Villescas filed this action in June 2013, bringing state-law claims against Defendant New Albertsons, Inc. for failure to pay overtime wages, failure to provide rest breaks, failure to provide meal periods, willful failure to pay wages, and violation of California Business & Professions Code section 17200. (Compl., Doc. 1, Ex. A.)
      Quevedo and Albertson's reached a settlement shortly before trial, and this matter proceeded to jury trial on Villescas' claims. (Notice of Settlement, Doc. 73.)
      On October 6, 2014, the jury found Albertson's improperly classified Villescas as exempt and awarded him $18,294.57 in unpaid overtime wages. (*See* Minutes of Jury Trial – Day Four, Doc. 88; Verdict Form, Doc. 99.) The jury also found in Villescas' favor as to missed meal breaks, awarding him $23,707.64 in damages. (Id.) The jury found in Albertson's favor on Villescas' rest breaks claim.

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1160-JLS (JPRx)                                    Date: May 27, 2015
Title: Manuel Quevedo et al. v. New Albertsons, Inc et al.
_____

Villescas now seeks attorneys' fees in the amount of $354,643 plus a lodestar multiplier of 2.0, for a total fee award of $709,286. (Mot. at 1, 15.) Albertson's argues both the fee amount and multiplier are excessive and asserts that Villescas is entitled to no more than $153,674.41 in attorneys' fees. (Opp.)

## II.   LEGAL STANDARD

When a state statute authorizes an award of attorney's fees, state law also determines the method for calculating those fees. *See Mangold v. Cal. Pub. Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) ("Existing Ninth Circuit precedent has applied state law in determining not only the right to fees, but also in the method of calculating the fees."). To calculate a reasonable award of attorneys' fees, the Court uses the "lodestar adjustment method." *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1136 (2001). A court begins by calculating "a lodestar figure based on the reasonable hours spent, multiplied by the hourly prevailing rate for private attorneys in the community conducting *noncontingent* litigation of the same type." *Id.* at 1133 (citing *Serrano v. Unruh*, 32 Cal. 3d 621, 625 (1982)) (emphasis in original). "[A]n attorney fee award should ordinarily include compensation for *all* the hours *reasonably spent*, including those relating solely to the fee." *Id.* (emphasis in original). Once the lodestar figure has been determined, it may be "adjusted by the court based on factors including, . . . (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Id.* at 1132.

The party seeking fees bears the burden of "'establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008) (quoting *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1020 (2001)).

## III.  DISCUSSION

As noted above, Villescas seeks attorneys' fees in the amount of $709,286. This consists of 162.4 hours worked by attorney Smith at $600 per hour, 360.3 hours worked

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1160-JLS (JPRx)                                       Date: May 27, 2015
Title: Manuel Quevedo et al. v. New Albertsons, Inc et al.

by attorney Brown at $400 per hour, and 363.61 hours worked by attorney Wymond at $300 per hour, as well as a lodestar multiplier of 2.0. (Mot. at 1, 15.)

Albertson's argues this figure is unreasonable because it (1) does not reflect that attorneys' fees are not recoverable for three of Villescas' four claims, (2) does not reflect that Villescas obtained only a partial recovery of the overtime compensation he sought, (3) does not reflect any downward adjustment in hours to account for time spent counsel spent on Quevedo's case, the settlement of which included attorneys' fees, (4) provides insufficient support for the requested hourly rates, (5) includes charges for multiple attorneys' attendance at the same events, (6) is based on insufficiently detailed time records, and (7) does not warrant a 2.0 multiplier. (Opp. at 1.) The Court considers these contentions in turn.

### A.    Apportionment of Attorneys' Fees

Albertson's first argues that because only one of the claims on which Villescas prevailed provides for attorneys' fees, his fee request must be reduced to reflect only the attorney time spent on that claim.

Villescas brought his overtime claim under Cal. Lab. Code § 1194(a), which provides that a prevailing employee is entitled to recover "reasonable attorney's fees" and costs. Cal. Lab. Code § 1194(a). Attorneys' fees are not recoverable, however, for Villescas' meal and rest break or Unfair Competition Law claims. *See Kirby v. Immoos Fire Protection, Inc.*, 53 Cal. 4th 1244, 1258-59 (2012) (no attorneys' fees for meal and rest break claims); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148 (2003) (no attorneys' fees for private UCL litigants). Albertson's argues that Plaintiff's fee request must therefore be apportioned to provide for the recovery of only those fees related to the overtime claim. (*See* Mot. at 4.)

As Villescas notes, however, where attorney fees are recoverable for one cause of action but not another, a court need not apportion fees between the causes of action if there is an issue common to the causes of action or the issues are so interrelated that it would be impossible to separate them. *See, e.g., Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 129-130 (1979); *Erickson v. R.E.M. Concepts, Inc.*, 126 Cal. App. 4th 1073, 1083-86 (2005); *Akins v. Enterprise Rent-A-Car Co.*, 79 Cal. App. 4th 1127, 1133

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1160-JLS (JPRx)                                      Date: May 27, 2015
Title: Manuel Quevedo et al. v. New Albertsons, Inc et al.

(2000). Here, to prevail on his overtime claim, Villescas necessarily had to prove that Albertson's misclassified him as an exempt employee. Once he did so, his legal entitlement to meal and rest breaks was clear, as was his recovery under the UCL. Thus, the Court agrees Villescas' classification was an "issue common to [all] cause[s] of action" rendering apportionment impossible. *See Pellegrino v. Robert Half Int'l, Inc.*, 182 Cal. App. 4th 278, 289 (2010) (declining to apportion between plaintiffs' misclassification wage-and-hour claims and their UCL claims because "the factual and legal issues surrounding [defendant's] liability for violation of unfair competition and for plaintiffs' wage and hour claims could not be more interrelated . . . ."). In the cases Albertson's relies on to support its argument for apportionment, by contrast, no such common issue was present. *See Bell v. Vista Unified Sch. Dist.*, 82 Cal. App. 4th 672, 687-88 (2000) (finding plaintiff's Brown Act claims "separate and distinct" from his claims for wrongful termination and retaliatory firing).[1]

Accordingly, the Court declines to reduce Villescas' fee request on this basis.

### B.      Partial Recovery on Overtime Claim

Albertson's next argues Villescas' fee request must be reduced because he sought $44,588.15 in overtime but received only $18,294.57, and thus was "only 41% successful on his overtime claim."

---

[1] Other cases Albertson's cites are entirely inapposite. In *Aleman*, the Court's holding concerned whether split shift compensation and reporting time claims are both subject to Section 1194's fee-shifting provision; apportionment was mentioned only in dicta. *Aleman v. AirTouch Cellular*, 209 Cal. App. 4th 556, 579, 586 (2012). In *Track*, the Court *affirmed* the trial court's decision not to apportion hours between different claims because doing so would have been a "near impossibility." *Track Mortgage Grp., Inc. v. Crusader Ins. Co.*, 98 Cal. App. 4th 857, 868 (2002), *as modified* (June 20, 2002). *See also Turner v. Ass'n of Am. Med. Colleges*, 193 Cal. App. 4th 1047, 1071-72 (2011) (apportioning claims where failing to do so would conflict with a statutory *unilateral* fee-shifting provision); *Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 346-47 (2006) (apportioning fees in the anti-SLAPP context between those claims which defendants successfully dismissed and those on which plaintiff showed a probability of prevailing or which were "not even governed by the anti-SLAPP statute").

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 13-1160-JLS (JPRx) | Date: May 27, 2015 |
| Title: Manuel Quevedo et al. v. New Albertsons, Inc et al. | |
___

This argument is unpersuasive. Albertson's relies on cases where parties which achieved success only as to some of the *categories of relief* they sought. *See Sokolow v. Cnty. of San Mateo*, 213 Cal. App. 3d 231, 250 (1989) (finding the trial court erred in failing to take into consideration civil rights plaintiffs' "limited success" where they obtained only some types of injunctive relief they sought); *Bowman v. City of Berkeley*, 131 Cal. App. 4th 173, 177 (2005) (plaintiffs' "largely unsuccessful" case, in which they lost five of six conceptually distinct causes of action, warranted partial fee award). Albertson's cites no cases, however, reducing attorneys' fees for "partial recovery" where a plaintiff *prevailed* on his claims but merely received less damages than were argued for at trial. Moreover, Villescas' recovery must be measured not only in light of what he sought at trial, but by reference to what Albertson's offered in settlement. *See Harman v. City & Cnty. of San Francisco*, 136 Cal. App. 4th 1279 (2006) (holding that a court may properly consider the settlement offer in evaluating the benefit to plaintiff of the attorney's services at trial). Here, Albertson's offered only $5,000 in settlement absent Villescas' resignation – making his $42,002 recovery appear successful indeed. (Reply at 4.)

Accordingly, the Court declines to reduce Villescas' fee request on the basis of "partial recovery."

### C. Time Spent on Quevedo's Case

Albertson's next argues Villescas' fee request must be reduced because it "improperly includes attorneys' fees incurred solely for time spent representing Quevedo." (Opp. at 6.) Albertson's argues that because its settlement with Quevedo included Quevedo's attorneys' fees and costs, it would be "double-dipping" to award fees that related to Quevedo's claims.

In reply, Villescas argues that the attorneys' work on each client's case, other than damages, "cannot be discerned from work spent on the remaining client." (Reply at 8.) Villescas notes that both Plaintiffs held the same job at Albertson's and the arguments and pre-trial testimony concerning their classification were common to both. Indeed, Villescas notes that Defendant's own summary judgment motion did not segregate between Plaintiffs in discussing the classification issue. Moreover, Villescas notes that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1160-JLS (JPRx)                                  Date:  May 27, 2015
Title: Manuel Quevedo et al. v. New Albertsons, Inc et al.

because Quevedo was "indisputably a witness to Villescas['] actions," even Quevedo's deposition testimony cannot be attributed only to his settled claims.

Villescas has the better argument.  Plaintiffs' claims were inextricably intertwined such that any work on Quevedo's case other than on his individual damages also constituted work on Villescas' case.  Thus, the Court does not find it possible – or sensible – to reduce Villescas' fee award to account for Quevedo's claims.

Accordingly, the Court declines to reduce Villescas' fee request on this basis.

### D.      Support for Hourly Rates Sought

Albertson's next argues Villescas' fee request must be reduced because the requested hourly rates of $600 for Smith, $400 for Brown, and $300 for Wymond are not reasonable.  (Opp. at 11.)  Albertson's argues that their fees should instead be computed using hourly rates of $450, $350, and $235, respectively.

When calculating a lodestar figure, the court does not look to the actual rate charged by the attorney.  *Chalmers v. Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) ("Determination of a reasonable hourly rate is not made by reference to rates actually charged the prevailing party.") (citing *White v. City of Richmond*, 713 F.2d 458, 461 (9th Cir. 1983)).  Rather, "[i]n determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id.* at 1210-11.

In support of his requested $600 hourly rate, Smith states in a declaration that his customary hourly rate is $600 and attaches fee awards from recent federal and state cases approving hourly rates of both $500 and $600 for him.  (Smith Decl. ¶ 4; id. Exs. 1-3.)  The most recent of these awards, from 2012, was for $600.  (Id. Ex. 3.)  The Court agrees that these fee awards, along with Smith's extensive experience litigating and trying similar employment claims, adequately support his request for a $600 hourly rate.  While Albertson's argues this rate is unreasonable because it is higher than that of its own lead counsel (Opp. at 11), the Court finds Smith's declaration and evidence of previous fee awards persuasive.  Likewise, while Albertson's asserts that the reasonable market value of counsel's services must be measured by reference to a non-contingency fee attorney, the previous fee awards provide just such a reference.  Accordingly, the Court finds

___
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 13-1160-JLS (JPRx) | Date: May 27, 2015 |
| Title: Manuel Quevedo et al. v. New Albertsons, Inc et al. | |
___

Smith adequately supports his request for a $600 hourly rate.

In support of her requested $400 hourly rate, Brown states that she has more than 25 years of experience in employment law, including as sole trial counsel in more than 20 matters and as "second chair" in many more matters. (Brown Decl. ¶ 2.) Here, she handled "the vast majority of all the pretrial litigation," conducting discovery, taking and defending depositions, opposing Albertson's motion for summary judgment and motions in limine, and preparing pretrial and trial documents. (Id. ¶¶ 3, 6.) Thus, she brought substantial experience to many of the most important tasks in this case. Albertson's argues an hourly rate of $400 is unreasonable for her because its own lead counsel charged only $350 an hour. (Opp. at 11.) Its lead counsel, however, has not practiced employment law as long as Brown and has tried fewer than half as many cases as Brown. (White Decl. ¶¶ 2-3; Brown Decl. ¶ 2.) Thus, even accepting as true Albertson's counsel's contention that her $350 hourly rate represents the market rate in employment law for someone of her experience and skill, Brown's requested hourly rate is reasonable.

Finally, in support of his requested $300 hourly rate, Wymond notes that he has practiced law for more than ten years with a "main focus" on employment law and has worked on several "high profile" cases with Smith and another attorney. (Wymond Decl. ¶ 3.) Wymond does not describe the tasks he performed in those cases, however, and otherwise provides little information about his skill, experience, and reputation. (*See* id.) Nevertheless, Wymond's hourly rate appears in line with that awarded for attorneys with similar experience and skill. *See MV Transp., Inc. v. Amalgamated Transit Union, Local 1756*, CV 10-2775-PSG (VBKx), 2011 WL 488869 (C.D. Cal. Feb. 2, 2011) ($225 hourly rate for fourth-year employment and labor law attorney); *J.M. v. Capistrano Unified Sch. Dist.*, SACV 10-0185-AG (MLGx), 2011 WL 1326905 (C.D. Cal. Mar. 31, 2011) ($300 hourly rate reasonable for a twelfth-year employment law attorney); *Sheet Metal Workers' Int'l Ass'n v. Alliance Mech. Corp.*, SACV 09-1163-RNB, 2011 WL 7047040 (C.D. Cal. Nov. 7, 2011) ($225 hourly rate reasonable for labor and employment law attorney practicing since 1985). Accordingly, the Court finds Wymond's requested hourly rate is reasonable.

Accordingly, the Court declines to reduce the requested hourly rates for Villescas' attorneys.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1160-JLS (JPRx)                                     Date:  May 27, 2015
Title: Manuel Quevedo et al. v. New Albertsons, Inc et al.

### E.      Multiple Attorneys' Attendance at Same Events

Albertson's next argues Villescas' fee request must be reduced because Plaintiff "seeks recovery for unnecessary duplication of efforts."  (Opp. at 10.)

First, Albertson's notes that attorneys Brown and Wymond both attended the depositions of Villescas, Kevin Jan and Bob Soto, billing 21.25 and 23.6 hours for those events, respectively.  (Id.; *see* Brown Decl. at 8-9, Wymond Decl. at 5-6.)  The participation of more than one attorney does not *per se* constitute an unnecessary duplication of effort.  *See Probe v. State Teachers' Retirement System*, 780 F.2d 776, 785 (9th Cir. 1986), *cert. denied*, 476 U.S. 1170 (1986).  Nevertheless, the Court does not perceive, and Villescas does not explain, why both attorneys' attendance was necessary for these relatively straightforward proceedings.  Accordingly, the Court will reduce Wymond's hours by 23.6.  Next, Albertson's notes that both Brown and Wymond attended mediations in this action, billing 15 and 15.7 hours for those events, respectively.  (Opp. at 10; *see* Brown Decl. at 8, 14, Wymond Decl. at 5, 10.)  Again, the Court does not perceive, and Villescas fails to explain, why this was necessary.  Accordingly, the Court will reduce Wymond's hours by 15.7 hours.  Finally, Albertson's notes that Villescas seeks attorneys' fees for multiple days spent in trial by both Brown and Wymond, even though they merely observed the trial and did not participate.  (Opp. at 10; Brown Decl. at 16, Wymond Decl. at 10.)  In reply, Villescas characterizes Brown as "second chair" of the trial, but admits that "[i]n light of the short trial and small number of witnesses, and Mr. Smith's expertise, [Brown] deferred to him to conduct the trial . . . ."  (Reply at 7.)  The Court does not find this sufficient to establish Brown's entitlement to attorneys' fees for trial attendance.  Moreover, Villescas fails to mention Wymond's presence at trial at all.  The Court therefore reduces Brown's hours by 31.25 and Wymond's by 47.83 to account for their trial attendance.

In sum, the Court reduces Brown's hours by 31.25 and Wymond's by 87.13 for duplication of efforts.

### F.      Detailed Time Records

Albertson's next argues Villescas' fee request must be reduced because Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1160-JLS (JPRx)                           Date: May 27, 2015
Title: Manuel Quevedo et al. v. New Albertsons, Inc et al.

"fails to provide sufficient details" for certain claimed time entries. (Opp. at 10.)

For instance, Smith seeks fees based on numerous time entries that contain no more information than the name of this case. Villescas argues that the lack of detail is immaterial because the Court may award fees even absent time records. (Reply at 1.) *See Raining Data Corp. v. Barrenechea*, 175 Cal. App. 4th 1363, 1375 (2009) ("The law is clear, however, that an award of attorney fees may be based on counsel's declarations, without production of detailed time records.") (citing *Bernardi v. County of Monterey*, 167 Cal. App. 4th 1379, 1398 (2008); *Weber v. Langholz*, 39 Cal. App. 4th 1578, 1587 (1995)). Nevertheless, where, as here, an attorney *relies* on billing records to establish the reasonableness of both the work performed and number of hours worked (*see* Smith Decl. ¶ 5), those records should provide *some* insight as to what was done during each bloc of claimed time. Accordingly, the Court will reduce the sum of these time entries – 2.06 hours – from Smith's hours. For similar reasons, the Court reduces Wymond's hours by 9.03 for time entries containing only the case name, and Brown's hours by 21.3 for time entries simply labeled "emails." (Opp. at 10; Brown Decl. at 19-26; Wymond Decl., Ex. 6, at 9-29.)

Finally, Albertson's argues Villescas should not recover for Smith's time entry labeled "FairLaborStandAct Rev," as this case did not involve the Fair Labor Standards Act. (Opp. at 10; 9 Smith Decl. Ex. 1.) The Court agrees and reduces Smith's hours by 1.07 hours to account for this entry.

In sum, the Court reduces Smith's hours by 3.13, Wymond's by 9.03, and Brown's by 21.3 for failing to provide sufficient detail.

### G.     Propriety of a 2.0 Lodestar Multiplier

Albertson's finally argues Villescas' fee request must be reduced because a 2.0 lodestar multiplier is inappropriate here. (Opp. at 13.)

In awarding attorneys' fees under the California Labor Code, the Court begins with the lodestar figure, which is based on the "careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case." *Pellegrino*, 182 Cal. App. 4th at 290 (citing *Serrano v. Priest*, 20 Cal. 3d 25, 48 (1977); *Ketchum*, 24 Cal. 4th at 1131-32. The Court may then adjust this figure upward

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 13-1160-JLS (JPRx) | Date: May 27, 2015 |
| Title: Manuel Quevedo et al. v. New Albertsons, Inc et al. | |
___

or downward based on factors including (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, and (4) the contingent nature of the fee award. *Ketchum*, 24 Cal. 4th at 1132 (citing *Serrano*, 20 Cal. 3d at 49).

The Court agrees with Albertson's that a 2.0 multiplier is not warranted. First, this case, while contested, did not present any novel or difficult legal questions. Rather, it was a garden-variety misclassification case of the type that frequently comes before the Court and, following Quevedo's settlement, proceeded to trial as a single-plaintiff action, further simplifying the issues to be resolved. Second, while Villescas' attorneys displayed skill in presenting this case, their skill is already factored into their hourly rates. *See Ketchum*, 24 Cal. 4th at 1139 (noting that "[t]he factor of extraordinary skill, in particular, appears susceptible to improper double counting; for the most part, the difficulty of a legal question and the quality of representation are already encompassed in the lodestar"); *Northwest Energetic Services, LLC v. California Franchise Tax Bd.*, 159 Cal. App. 4th 841, 879 (2008) (noting that the court "must not intertwine considerations relevant to the determination of the lodestar amount with factors relevant to whether the lodestar should be adjusted upward"). Third, Villescas' attorneys do not suggest this litigation precluded them from accepting other work during its pendency.

However, the fourth factor – the contingent nature of the fee award – weighs in favor of *some* multiplier. A multiplier may be based on a single relevant factor, *see Krumme v. Mercury Ins. Co.*, 123 Cal. App. 4th 924, 947 (2004), and a multiplier for contingent risk brings the financial incentives for attorneys enforcing important rights "into line with incentives they have to undertake claims for which they are paid on a fee-for-services basis." *Ketchum*, 24 Cal. 4th at 1132. Generally "[a] contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case . . .) is much higher than that of conventional loans." *Id*. at 1132-33 (citation and quotation marks omitted). Indeed, even where a statute provides for attorneys' fees, "there is, nevertheless, a great element of contingency in any fee system that rewards only attorneys for prevailing parties." *Horsford v. Board of Trustees*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1160-JLS (JPRx)                                      Date:  May 27, 2015
Title: Manuel Quevedo et al. v. New Albertsons, Inc et al.

*of California State University*, 132 Cal. App. 4th 359, 400 n.11 (2005). Thus, "an enhanced fee award is necessary to compensate attorneys for taking such risks . . . ." *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1217 (2008).

Having considered the foregoing factors, the Court concludes a 1.2 multiplier is sufficient to compensate Villescas' attorneys for the risk they incurred trying this case to verdict on a contingency basis. *Cf. Asberry v. City of Sacramento/Sanitation Dep't*, No. S-01-2343 LKK/PAN, 2004 WL 3636054, at *6 (E.D. Cal. Apr. 5, 2004) (approving a 1.5 multiplier where defendant "adamantly" refused to settle and plaintiff's counsel "would have received nothing for her time or resources invested" had the plaintiff not prevailed at trial).

Accordingly, the Court will apply a lodestar multiplier of 1.2.

### H.   Conclusion

For the foregoing reasons, the Court computes Villescas' attorneys' fees using the following figures:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| Smith | 159.27 | $600 | $95,562 |
| Brown | 307.75 | $400 | $123,100 |
| Wymond | 267.45 | $300 | $80,235 |
| - | - | - | **$298,897** |

The Court then multiplies this figure by the lodestar multiplier of 1.2 for a total fee award of $358,676.40.

## IV.   CONCLUSION

For the foregoing reasons, the Motion is GRANTED. Villescas is awarded attorneys' fees in the amount of $358,676.40.

Villescas shall submit a proposed amended judgment forthwith.